MR. JUSTICE SHEEHY
dissenting:
I dissent because the majority does not give any direction to the District Court or remand on how to afford relief to the wife. The majority tells the wife she is stuck with a decree that does not incorporate the settlement agreement. Without the protection of an incorporated agreement in a decree, enforcible as a judgment, there is little the District Court can do to aid the wife and prod a husband who is flouting the court and the wife on terms he and the wife had agreed to as proper. The wife is only further delayed here.
Larger than the effect of delaying wife’s relief (and that is serious in itself) is the effect this decision will have on other cases.
Contrary to what is said in the majority opinion, District Court did not follow Section 40-4-201(4), MCA, when it entered the original judgment as far as the property settlement agreement is concerned. In Subdivision 4(a), it is required “. . . unless the separation agreement provides to the contrary, its terms shall be set forth in the decree . . .” Here the District Court had a statutory duty to incorporate the terms of the property settlement agreement. When the agreement is silent as to incorporation, there is no choice given to the court or the parties. The statute requires incorporation in that event. Such a provision is a protection to the parties, especially to a wife.
The wife ought not to be foreclosed from the protective provision of Subdivision 4(a) because the District Court missed its duty in the first instance. “That which ought to have been done is regarded as done, in favor of him to whom and against him from whom performance is due.” Section 1-3-220, MCA. Equity regards as done what ought *432 to have been done. Shook v. Woodard (1956), 129 Mont. 519, 290 P.2d 750; Montana Power Co. v. Federal Power Commission (CA 9, Mont.) (1964), 330 F.2d 781. Dissolution of marriage is an equitable proceedings.
Because in this case, under the statute, the District Court should have incorporated the agreement in the decree, I would hold that wife is now entitled to all available means of enforcing her rights under the agreement, including contempt proceedings, execution, specific performance, and damages for breach.
For the same reasons, I would hold wife is entitled to attorney’s fees and costs under Section 40-4-110, MCA, which is a statutory grant in dissolution cases independent of any contractual provisions.